PER CURIAM.
¶ 1 Garrion Smith appeals an amended judgment of conviction for aggravated battery and for fourth-offense operating a motor vehicle while under the influence of an intoxicant. He also appeals an order that denied in part his motion for postconviction relief.[1] Smith contends he was denied his constitutional right to effective assistance of counsel when his trial attorney failed to file a motion for presentence plea withdrawal on his behalf. We disagree and affirm.
BACKGROUND
¶ 2 The charges in this case arose from a domestic incident that occurred on December 25, 2014, in which a woman acquainted with Smith alleged that he hit her several times during an argument and then repeatedly pushed and threw her around. Smith's conduct eventually caused the victim to hit her head twice-first against a wall, and later on the pavement in a driveway. The victim told a responding police officer that Smith had left the residence in a red Pontiac Grand Am. Shortly thereafter, another police officer stopped Smith's vehicle in connection with the domestic incident, and the officer discovered that Smith was intoxicated.
¶ 3 Meanwhile, the victim was taken to a medical center to evaluate a head injury she had suffered. At the medical center, the victim began having seizures. The attending physician told the investigating police officer that he believed the seizures were triggered by the victim's head injury.
¶ 4 On December 26, 2014, the State charged Smith with multiple counts related to the events outlined above. While plea negotiations were ongoing, on April 24, 2015, Smith moved for in camera inspection of the victim's medical records from the past five years. In particular, Smith sought any evidence that the victim's seizures may have been caused by a preexisting seizure disorder. Smith believed the victim had been taking medication for a seizure disorder and that it may have been aggravated by her drinking.
¶ 5 On September 24, 2015, the circuit court sent the parties a letter stating that it had completed its review of the victim's medical records from December 25, 2014, to May 7, 2015. The court directed the records to be turned over to Smith "as the materials contain relevant and possibly exculpatory evidence." This letter was sent after the parties had negotiated a plea deal, and the parties did not receive the letter prior to a plea hearing held on September 28, 2015.
¶ 6 During the plea colloquy, Smith told the circuit court that he was entering pleas, at least in part, because it would be impossible for him to prove his innocence or to have a fair trial without the medical records he had requested. The court then informed Smith about its recent letter granting his motion for access to the victim's medical records, noting that the only records that were provided to the court for in camera review were those from the date of the domestic incident through May 7, 2015. The court twice asked Smith during this plea hearing whether he wished to withdraw his offer to enter pleas. Smith declined both times, explaining that what he needed were the victim's medical records from before the incident. The court then accepted Smith's pleas.
¶ 7 A few months later, Smith's attorney moved to withdraw because she and Smith disagreed over whether Smith's access to the medical records provided a basis for Smith to withdraw his pleas and proceed to trial. Smith told the circuit court he had lost trust in his counsel because he believed she had been withholding information from him that he needed to prove his innocence. The court granted counsel's motion to withdraw, appointed new counsel for Smith at his request, and rescheduled sentencing.
¶ 8 Over three months later, on April 25, 2016, Smith appeared for sentencing with new counsel, Daniel Repka. Smith told Repka at some point before the hearing that he wished to review the victim's medical records, and he told Repka on the day of the hearing that he wished to withdraw his pleas. Repka moved the circuit court for a continuance for the purpose of exploring whether a plea withdrawal motion would be viable, also citing Smith's discovery-on the day of the sentencing hearing-that his mother had not passed away as he had previously believed, and she therefore might be available to support him outside of the jail system. The court denied the motion for a continuance, noting that over seven months had passed from the entry of the pleas, that sentencing had already been rescheduled twice, and that Smith could still file a plea withdrawal motion after sentencing if he wished. The court proceeded to sentence Smith to concurrent terms of imprisonment totaling three years' initial confinement and three years' extended supervision, consistent with the parties' joint recommendation.
¶ 9 Smith then filed a postconviction motion seeking plea withdrawal on the ground of ineffective assistance of counsel, alleging that Repka should have filed a motion for plea withdrawal as Smith had requested rather than merely asking for a continuance. At an evidentiary hearing on the motion, Smith testified there were several reasons he had "a change of heart" after the plea hearing about going to trial. First, Smith said he was caught off guard at his plea hearing in September 2015 by the circuit court's decision to grant his request for access to the victim's medical files, and he did not have an opportunity to discuss the implications of that decision before declining the court's offer to allow him to withdraw his pleas. Also, he did not receive the court's actual letter-which characterized the victim's medical records as containing "potentially exculpatory material"-until two days after the hearing, and then he wanted to see the records for himself. Second, Smith said he was caught off guard when his mother showed up at his sentencing hearing, after he was told his mother had died. He explained that knowing his mother was alive "gave [him] more strength and more hope to continue."
¶ 10 The parties filed briefs following the postconviction hearing. Smith argued that Repka should have filed a plea withdrawal motion on Smith's behalf before proceeding to sentencing because Smith had asked him to do so. Smith further asserted the circuit court would likely have granted the motion because there was a two-fold "fair and just reason" for plea withdrawal-namely, the court granting access to the victim's medical records and Smith's discovery that his mother was alive. The State responded that the victim's medical records did not provide a fair and just reason for plea withdrawal because Smith was aware of them by the end of the plea hearing and there was little in the record to show that they would actually provide a defense to the charges. The State also argued Smith's mother's appearance at sentencing did not provide a fair and just reason for plea withdrawal because she did not have any evidence about the case, and there was no showing that Smith had a strong relationship with his mother. The circuit court incorporated by reference the State's discussion of why there was no fair and just reason for Smith to withdraw his pleas, and it denied Smith's postconviction motion on that basis.
DISCUSSION
¶ 11 On appeal, Smith renews his claim that Repka provided ineffective assistance of counsel by seeking a continuance rather than filing a plea withdrawal motion on Smith's behalf, after Smith had requested Repka do so on the morning of Smith's sentencing hearing. Here, we conclude that Smith has failed to demonstrate prejudice from counsel's alleged deficient performance.
¶ 12 A claim of ineffective assistance of counsel requires the defendant to show two things: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. State v. Swinson , 2003 WI App 45, ¶ 58, 261 Wis. 2d 633, 660 N.W.2d 12. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are clearly erroneous. State v. Pitsch , 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, whether counsel's conduct violated the constitutional standard for effective assistance of counsel is ultimately a legal determination that this court decides de novo. Id. We need not address both components of the test if the defendant fails to make a sufficient showing on one of them. Swinson , 261 Wis. 2d 633, ¶ 58.
¶ 13 A defendant proves prejudice by demonstrating there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. Strickland v. Washington , 466 U.S. 668, 694 (1984). "A defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." State v. Sholar , 2018 WI 53, ¶ 44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing Strickland , 466 U.S. at 693 ). Rather, the "reasonable probability" standard set forth in Strickland is tied to the reviewing court's confidence in the outcome. Id. , ¶ 45. In the context of this case, Smith must show a reasonable probability that the circuit court would have granted a presentence motion for plea withdrawal, if counsel had filed one on Smith's behalf.[2]
¶ 14 A circuit court may permit a defendant to withdraw a plea before sentencing "for any fair and just reason, unless the prosecution has been substantially prejudiced by reliance on the defendant's plea." State v. Jenkins , 2007 WI 96, ¶ 28, 303 Wis. 2d 157, 736 N.W.2d 24. However, the mere desire for a trial or belated misgivings about the plea do not constitute a fair and just reason. Id. , ¶ 32. Rather, a defendant must typically identify some misunderstanding about the consequences of the plea or changed circumstances. Id. , ¶ 62. The court has discretion to assess the credibility of a defendant's proffered reason for wanting to withdraw a plea and to determine whether it is fair and just under the circumstances when balanced against an interest in the efficient administration of justice. Id. , ¶¶ 30, 34, 42-43, 63.
¶ 15 Here, the circuit court's incorporated determination that Smith failed to demonstrate a fair and just reason for plea withdrawal was well within its discretion. First, it strains credulity to rely upon either Smith's initial "shock" at the September 2015 plea hearing that the circuit court was going to allow him access to the victim's medical records or any apparent newfound appreciation of that access as being a fair and just reason for plea withdrawal. This is because Smith had from late September 2015 until late April 2016 (i.e., seven months) to file a motion to withdraw his plea based on his having access to the victim's medical records before his sentencing. He failed to do so. As Smith concedes in his reply brief, such a significant delay undermines his credibility in asserting that he was having more than a mere change of heart about going to trial on the day of his sentencing.
¶ 16 Moreover, Smith offers little to support his claim that his ability to access the medical records constitutes a fair and just reason for plea withdrawal. Although the parties have not pointed to any place in the appellate record containing the medical records in question, the circuit court's discussion of the medical records at the plea hearing provides little basis to believe that they would have provided a defense to the charges against Smith. In particular, Smith does not explain how anything in those records would have negated the medical opinion of the treating physician that the victim's seizure on the night in question was triggered by her head injury. And Smith has provided no expert opinion stating that the victim's consumption of alcohol was, in fact, the cause of the victim's seizure that night.
¶ 17 Second, the circuit court implicitly determined that Smith failed to show he had a close relationship with his mother. Smith offers no evidence or explanation to the contrary, and the fact that he thought she was deceased when she was in fact alive evinces the lack of closeness between the two of them. As such, the court did not find the reappearance of Smith's mother to be a credible explanation for why Smith wanted to withdraw his plea, even though it was a circumstance that changed after Smith's plea hearing and before his sentencing. Furthermore, Smith's mother had no information regarding his case that would have assisted him if he went to trial and thereby increased the reasonable probability of success had he gone to trial.
¶ 18 In sum, the circuit court's determination that there was no fair and just reason for Smith to withdraw his plea defeats Smith's claim of prejudice resulting from counsel's failure to bring a plea withdrawal motion immediately prior to his sentencing. We therefore conclude the court properly denied Smith's postconviction motion.
By the Court.- Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

The postconviction order also granted Smith sentence credit.

Smith argues that the prejudice test in his context should be whether there is a reasonable probability that, absent counsel's alleged deficient performance, "the defendant would have withdrawn his pleas and gone to trial." We conclude it is inherent in the proposition that if the circuit court would have found a fair and just reason existed and thus granted the plea withdrawal motion, then Smith would have gone to trial.